### 16233.   WILLIAMS v. THE STATE.

BROYLES, C. J.  1.  The demurrer to the indictment was properly overruled.

2. In the light of the facts of the case and the entire charge of the court, there is no reversible error in any of the excerpts from the charge which are complained of.

3. The verdict was amply authorized by the evidence.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED MARCH 27, 1925.

Conviction of cheating and swindling; from Macon superior court—Judge Littlejohn.  December 29, 1924.

A letter addressed to Jesse Williams with a check payable to Jesse Williams, intended for a white person of that name, was received by a colored person of the same name, who presented the check at the bank on which it was drawn.  He was convicted under an indictment which alleged that the check described therein, which was on the Bank of Hazlehurst, was "really payable and intended for Jesse Williams, white, who was then and there the cashier of the Peoples Bank of Ideal, Georgia," and that "the said Jesse Williams, colored, did fraudulently personate said Jesse Williams, white, with the intention thereby of fraudulently obtaining money on said check, and did present said check at said Bank of Ideal for payment, with intent to defraud the owner thereof, and did thereby become and is a common cheat and swindler, contrary to the laws of said State," etc.  The demurrer was on the following grounds: (1) No offense is set out. (2) It is not alleged whether

the Jesse Williams indicted is white or colored. (3) It is not alleged how the impersonation took place. (4) It is not alleged that the impersonation "was wilfully done, and the circumstances under which a black man could personate a white man." (5) It is not alleged that Jesse Williams had knowledge that the check payable to Jesse Williams was really intended for Jesse Williams, white, cashier of the Peoples Bank of Ideal. (6) "It is not alleged that Jesse Williams had knowledge that in presenting said check he was not the owner thereof, and the manner in which the alleged fraud was perpetrated."

*John B. Guerry*, for plaintiff in error.

*Jule Felton, solicitor-general,* contra.